United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WILLARD EUGENE THOMAS,

Petitioner,

vs.

KELLY HARINGTON, Warden,

Respondent.
_________________________________/

No. C 10-1011 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the court. For the reasons set out below, the petition is denied.

**BACKGROUND**

On December 16, 2004, a jury found petitioner guilty of one count of forcible rape, *see* Cal. Penal Code § 261(a)(2), one count of forcible oral copulation, *see* Cal. Penal Code § 288a(c)(2), two counts of attempted forcible rape, *see* Cal. Penal Code §§ 261(a)(2), 664, and one count of second-degree robbery, *see* Cal. Penal Code §§ 211, 212.5(c). Respondent's Exhibit ("Resp. Exh.") A3 at 1055-57. As to the first four counts, the jury found true the allegation that petitioner was armed with a deadly weapon (knife), *see* Cal. Penal Code § 12022.3(b). *Id.* at 1056-57. After petitioner waived his right to a jury trial on the prior conviction and strike allegations, the trial court found true that petitioner had suffered one strike prior conviction, *see* Cal. Penal Code §§ 667.61(c), three prior strike convictions, *see* Cal. Penal Code §§ 667(a)(1), 1170.12, two prior serious felony

convictions, *see* Cal. Penal Code § 667(a)(1), and two prior prison convictions, *see* Cal. Penal Code § 667.5(b). Resp. Exh. B6 at 1230-32. On May 13, 2008, the court sentenced petitioner to an indeterminate term of 124 years to life in prison. Resp. Exh. A3 at 1165. On October 17, 2008, the California Court of Appeal affirmed the judgment. Resp. Exh. E. A petition for review was summarily denied by the California Supreme Court on January 21, 2009. Resp. Exh. G. Petitioner did not seek further review in the state courts.

The facts, as described by the California Court of Appeal, are as follows:

> About 5:30 a.m. on September 17, 1999, a 58-year-old woman identified at trial as Jane Doe (the victim) left her home on Creely Avenue in Richmond alone and started walking to a bus stop to go to work. When she was close to 55th Street, defendant "popped up." He was wearing a mask on his face, and he was carrying an object in his hand that the victim believed to be a knife. The victim testified that the object "wasn't shin[y] or anything like that,"and it "was wrapped in plastic or black tape or, you know, that electrical tape." She later described the item to police as a sharp object, possibly wrapped with some tape. Defendant pushed the object against the victim's lower-right hip area, told her that he did not want to hurt her, and also told her that he wanted to walk with her. Although the victim was not able to specify whether the object defendant held was a knife, she said it "felt kind of sharp" when he pressed it against her body, and she believed it was a knife. She also believed that defendant would stab her if she did not cooperate.
>
> Defendant walked the victim past where she lived and onto a pathway behind an elementary school called "'Cypress Path'" and pushed her into the bushes. He kept telling the victim that he did not want to hurt her, and that he did not want her to run. Defendant told the victim to remove one pant leg, and she complied. Defendant unfastened the victim's bra, put his hand on her breast, and got on top of her. He tried two or three times to penetrate the victim's vagina with his penis but was unsuccessful. Defendant then told the victim to touch his penis, and he eventually made her put it in her mouth. He also had sexual intercourse with the victim. The victim told defendant during the attack to take her purse and leave her alone, but he kept saying that he did not want to hurt her.
>
> After defendant ejaculated inside the victim, he got up, grabbed the victim's purse, told her he needed money, and left with the purse. The victim ran to her friend's house nearby and called police. The officer who responded testified that the victim was "very agitated," and she was slouched on a couch rocking back and forth, crying. Police took the victim to the hospital for an examination. She was bleeding in her vaginal area, the area burned when she urinated, her knee was hurt from when defendant pushed her down, and she was described by the nurse who examined her as "quite a nervous wreck."
>
> Defendant testified at trial. He claimed that he met the victim for the first time on the evening of September 16, 1999, in a park near Creely Avenue while smoking crack cocaine, and he and the victim smoked crack

> together both at the park and at the nearby home of defendant's sister. Defendant testified that he and the victim went to a room in his sister's apartment, where they orally copulated each other and had sexual intercourse. They left the home of defendant's sister early the next morning and returned to the park, where they had sex on a picnic table and then in the bushes, according to defendant. He also testified that the victim gave him $100 to buy cocaine, and that he left with the money but did not return. He denied that he had any weapon when he was with the victim or that he poked her in the side with a sharp object. Defendant's sister testified that defendant and a woman (who had the same first name as the victim) came to her apartment, smoked crack with her and her husband, and then went to a bedroom together. The victim testified that she did not consent to have sex with defendant, and that she had never used illegal drugs.
>
> DNA testing was conducted on intact sperm found on a vaginal swab taken from the victim, and the analysis was sent to a Department of Justice laboratory in February 2000. At first no matches were found, but a subsequent search in the Department of Justice's database in 2001 led investigators to defendant.

Resp. Exh. E at 2-3 (footnotes omitted).

**STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *see Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is “contrary to” Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if “the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.” *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an “unreasonable application

of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *See Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000). However, when presented with a state court decision that is unaccompanied by a rationale for its conclusions, a federal court must conduct an independent review of the record to determine whether the state-court decision is objectively unreasonable. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). This review is not a "de novo review of the constitutional issue;" rather, it is the only way a federal court can determine whether a state-court decision is objectively unreasonable where the state court is silent. *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "[W]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *See Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

**DISCUSSION**

As grounds for federal habeas relief, petitioner asserts that: (1) admission of the bare fact of his 1985 forcible rape conviction violated his due process rights; (2) the trial court unconstitutionally reduced the prosecution's burden of proof by instructing the jury

United States District Court
For the Northern District of California

with CALJIC 2.50.1, regarding use of prior offenses as evidence of guilt; (3) admission of prior sex offense evidence to prove propensity violated his right to due process; (4) his counsel was ineffective for failing to request a pinpoint instruction on after-acquired intent; (5) there was insufficient evidence to support the enhancement for use of a deadly weapon; (6) his due process rights were violated by the court's inadequate responses to jury questions; and (7) counsel was ineffective for failing to object to the consecutive sentence. Petition for Writ of Habeas Corpus ("Hab. Pet.") at 6-7.

## I. Admission of 1985 Rape Conviction

Petitioner claims that the trial court's admission of the "bare fact" of his 1985 forcible rape conviction violated his due process rights. Hab. Pet. at 6.

### A. Factual Background

#### i. Trial Court

The prosecution filed a pretrial motion in limine pursuant to Cal. Evid. Code §§ 1101(b) and 1108, seeking to introduce evidence of three prior sexual offenses committed by the defendant: A 1981 juvenile charge of assault with intent to commit rape, a 1985 forcible rape conviction, and an alleged sexual assault in 1995. Resp. Exh. E at 4-5. Only the 1985 offense is relevant to this claim. *Id.* The trial court, after noting the similarity between the charged offense and the prior conviction, allowed the admission of the 1985 conviction over the defendant's objection. *Id*. at 6. At trial, subject to the defense's evidentiary objection, the parties stipulated that defendant was convicted on June 11, 1985 of the forcible rape of a woman who died in 1990. *Id*. at 7. The death certificate, which revealed that the victim was 72 at the time she was raped, was admitted into evidence.[1] *Id.* Defense counsel made a record clarifying that the stipulation was entered into because other documents offered by the prosecution to prove up the prior conviction contained extraneous information that was otherwise inadmissible, irrelevant, and prejudicial. *Id.* at 7-8.

---

[1]The parties also stipulated that the victim's death was unrelated to the rape. Resp. Exh. E at 7.

United States District Court
For the Northern District of California

**ii. California Court of Appeal Opinion**

On direct appeal, petitioner argued that admission of the "bare fact" of his 1985 forcible rape conviction, without additional information to assist the jury in determining whether he had a propensity to commit sexual offenses, deprived him of his due process rights. Resp. Exh. E at 12. Petitioner claimed that it was error for the court to admit the conviction pursuant to section 1108 without live testimony from the victim that would provide the jury with information from which it could determine whether to draw an inference of his propensity to commit sexual offenses. *Id.* As an initial matter, the appellate court noted that the defendant waived the issue because he did not raise this specific objection in the trial court, choosing instead to argue that the probative value of the conviction was substantially outweighed by its prejudicial effect. *Id.* at 12-13. The court also noted that defense counsel prevented the prosecution from introducing details of the offense from the only available source (the defendant himself) by objecting to the prosecutor's attempt to cross-examine him concerning the underlying facts of the offense. *Id.* at 13.

Even if the issue was properly preserved for appeal, the court determined there was no reversible error because section 1108 permits the introduction of court documents to prove up a defendant's prior conviction without the necessity of live testimony. *Id.* at 13; *see People v. Wesson*, 138 Cal. App. 4th 959, 967 (2006). The court concluded that, even without live testimony from the victim, there was sufficient information from which the jury could evaluate the weight to give to the evidence and determine whether to draw an inference of defendant's propensity to commit sexual offenses. *Id.* at 16. Finally, the court found that even if it was error to admit the conviction without more underlying details, the error was harmless because it was not reasonably probable that defendant would have received a more favorable result if his prior conviction was not admitted. *Id.* at 17-18.

**B. Discussion**

United States District Court
For the Northern District of California

**i. Procedural Default**

Petitioner contends that admission of his 1985 forcible rape conviction, without additional evidence regarding the details of that rape, violated his right to due process. Hab. Pet. at 6. Petitioner failed to raise this specific objection in the trial court, therefore he procedurally defaulted on the federal constitutional claim he raises in this habeas proceeding. *See Vansickel v. White*, 166 F.3d 953, 957 (9th Cir. 1999) ("Federal habeas review of a claim is barred in all cases where a state prisoner has defaulted his federal claim in state court pursuant to an adequate and independent state procedural rule.").

The adequate and independent state ground doctrine provides that federal courts "will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both independent of the merits of the federal claim and has an adequate basis for the court's decision." *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Circuit 2002) (citation omitted). California's "contemporaneous objection rule," which requires objection at the time of trial to preserve an issue for appeal, is an adequate procedural bar. *See Chein v. Shumsky*, 323 F.3d 748, 751–52 (9th Cir. 2003), *rev'd on other grounds*, 373 F.3d 978 (9th Cir. 2004). Petitioner also fails to demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In fact, petitioner's entire argument is rather disingenuous as defense counsel made the strategic choice to object to the prosecutor's attempt to elicit details of the offense during her cross-examination of the defendant. Resp. Exh. E at 13. Accordingly, petitioner is procedurally barred from raising this claim on federal habeas review.

**ii. Merits**

Even if petitioner had raised a cognizable claim, it fails on its merits. Petitioner is challenging the admission of a prior forcible rape conviction under California Evidence Code § 1108 . "A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process."

*See Bueno v. Hallahan*, 988 F.2d 86, 87 (9th Cir.1993) *citing Jammal v. Van de Kamp*, 926 F.2d 918, 919–20 (9th Cir.1991). The Ninth Circuit has made it clear that the admission of prior evidence of sexual misconduct to show a defendant's propensity to commit the charged offense does not violate due process. *See Mejia v. Garcia*, 534 F.3d 1036, 1046-47 (9th Cir. 2008). Moreover, there is no Supreme Court authority which has clearly established that propensity evidence admitted pursuant to a state evidentiary rule must be accompanied by details of the offense. *See e.g. Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). In any event, the court finds it difficult to imagine a scenario where the admission of additional detail concerning the rape of a 72 year old woman could have helped his defense in any way. Accordingly, there is no justification for granting the writ.

## II. CALJIC 2.50.1

Petitioner contends that the trial court's modified instruction regarding evidence of other sexual offenses, given without objection, improperly diluted the prosecution's burden of proof beyond a reasonable doubt. Hab. Pet. at 6.

### A. Factual Background

The trial court instructed the jury as follows:

> CALJIC 2.50.1
>
> Evidence has been introduced for the purpose of showing that the defendant engaged in a sexual offense other than that charged in the case.
>
> If you find that the defendant committed a prior sexual offense, you may, but are not required to, infer that the defendant had a disposition to commit sexual offenses.
>
> If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime for which he is accused.
>
> However, if you find by a preponderance of the evidence that the defendant committed a prior sexual offense, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes.
>
> If you determine an inference properly ... can be drawn from this evidence, this inference is simply one item for you to consider, along with all the other evidence, in determining whether the defendant has been proved guilty beyond a reasonable doubt of the charged crimes.

> Unless you are otherwise instructed, you must not consider this evidence for any other purpose.

Resp. Exh. B6 at 1144-45.

On direct appeal, petitioner acknowledged that the same instruction had been approved by the California Supreme Court in *People v. Reliford*, 29 Cal. 4th 1007, 1016 (2003), but raised the issue to preserve it for later review. Resp. Exh. C at 23. The Court of Appeal concluded that it was bound by the Supreme Court's holding in *Reliford*, and rejected petitioner's claim that the instruction violated due process because it permitted the jury to find a defendant guilty of the charged offense based on a preponderance of the evidence. Resp. Exh. E at 19.

**B. Legal Standard**

The formulation of jury instructions is a question of state law and is not cognizable in habeas proceedings. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A faulty jury instruction will constitute a violation of due process only where the instruction by itself infects the entire trial to such an extent that the resulting conviction violates due process. *See Hendricks v. Vasquez*, 974 F.2d 1099, 1106 (9th Cir.1992) *citing Cupp v. Naughten*, 414 U.S. 141, 147 (1973). Whether a constitutional violation has occurred will depend upon the evidence in the case and the overall instructions given to the jury. *See Duckett v. Godinez*, 67 F.3d 734, 745 (9th Cir.1995). Where a given jury instruction is ambiguous, a reviewing court must determine whether there is a "reasonable likelihood" that the jury was misled. *See Murtishaw v. Woodford*, 255 F.3d 926, 967 (9th Cir. 2001).

**C. Discussion**

The record reflects that there was nothing in the plain language of the instructions, or in the arguments of the parties, to suggest that the jury applied CALJIC 2.50.1 in such a way as to convict petitioner of the instant offense based on his commission of a prior offense. Resp. Exh. B6 at 1093-95, 1113-14, 1144-45. During his closing argument, defense counsel emphasized that the defendant's prior rape conviction did not diminish the prosecution's burden to prove guilt beyond a reasonable doubt for the instant offense.

United States District Court
For the Northern District of California

Resp. Exh. B6 at 1093-95. The prosecutor's only reference to the prior conviction was during rebuttal, and there was nothing in her statement that would indicate there was a "reasonable likelihood" that the jury was misled. Resp. Exh. B6 at 1113-14. Viewed in the context of the jury instructions and the record as a whole, the trial court's giving of CALJIC 2.50.1 did not violate due process. *See Estelle*, 502 U.S. at 72. Accordingly, the state court's decision was not contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d).

**III. Admission of Prior Sex Offense Evidence to Prove Propensity**

Petitioner contends that the trial court's admission of prior sex offense evidence pursuant to California Evidence Code § 1108 to show propensity violated his right to due process.

This claim lacks merit. The Supreme Court has never held that the admission of prior evidence of sexual misconduct to show propensity to commit a charged crime is unconstitutional. *See Estelle*, 502 U.S. at 75 n. 5; *see also Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008). Moreover, there has been no clear ruling that the "admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *See Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009)." Therefore, the state court's decision was not contrary to or an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d)(1).

**IV. Ineffective Assistance of Trial Counsel Re: Pinpoint Instruction**

Petitioner contends that his trial counsel was ineffective for failing to request a pinpoint jury instruction on after-acquired intent with respect to the robbery charge. Hab. Pet. at 6.

**A. Legal Principles**

**i. Ineffective Assistance of Counsel**

In order to succeed on an ineffective assistance of counsel claim, the petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires him to show deficient performance and prejudice. Deficient

United States District Court
For the Northern District of California

performance requires a showing that trial counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003). To establish prejudice, petitioner must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. If a petitioner cannot establish that defense counsel's performance was deficient, it is unnecessary for a federal court considering a habeas ineffective assistance claim to address the prejudice prong of the *Strickland* test. *See Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).

**ii. After-acquired Intent**

In California, "theft is a lesser included offense of robbery, which includes the additional element of force or fear." *See People v. Castaneda*, 51 Cal. 4th 1292, 1331 (2011). In order to commit the crime of robbery, the intent to steal must be formed before or during the application of force. *Id.* After-acquired intent refers to a situation where the intent to steal arises after the defendant's use of force, resulting in a theft and not a robbery. *See People v. Ramkeesoon*, 39 Cal. 3d 346, 351 (1985). "Instructions on after-acquired intent and theft as a lesser included offense of robbery are unwarranted absent 'substantial evidence' that the defendant first formed the intent to take the victim's property after applying force." *See Castaneda*, 51 Cal. 4th at 1331.

**B. Factual Background**

On direct appeal, petitioner argued that, based on the victim's testimony, there was "ample basis" for jurors to conclude that the intent to steal the victim's purse arose after he had completed the sexual assault. Resp. Exh. E at 20. Therefore, trial counsel's performance was deficient for not requesting a pinpoint jury instruction such as CALCRIM No. 1600, which specifically informs the jury that "[t]he defendant's intent to take the property must have been formed before or during the time (he/she) used force or fear. If the defendant did not form this required intent until after using the force or fear, then (he/she) did not commit robbery." *Id.*

The Court of Appeal rejected this argument, finding that the trial court's standard

instruction on robbery, together with an instruction on the lesser included offense of grand theft, made it clear to the jury that, in order to find defendant guilty of robbery, they had to be convinced beyond a reasonable doubt that defendant used force against the victim with the specific intent to deprive her of property. *Id.* at 20-21. Trial counsel urged jurors to convict defendant of the lesser included offense based on his testimony indicating that he took the victim's money, but not by force or fear. *Id.* at 21. Counsel's performance was not deficient, as the jury was properly instructed that there must be a "union or joint operation of act or conduct and a certain specific intent in the mind of" defendant in order to convict him. *Id.*

Even assuming that counsel's performance was deficient for failing to request a pinpoint instruction on after-acquired intent, the Court of Appeal found that there was no prejudice because it was not reasonably likely that the result of the proceeding would have been different. *Id.* at 21-22; *see Strickland*, 466 U.S. at 694.

**C. Discussion**

Petitioner claims that counsel's performance was deficient for not requesting a pinpoint instruction on after-acquired intent, because there was enough evidence to support his theory that the intent to steal the victim's purse arose only after the sexual assault was completed. Hab. Pet. at 6.

The jury was instructed, pursuant to CALJIC 3.31, that in order to find defendant guilty of robbery, "there must exist a union or joint operation of act or conduct or certain specific intent in the mind of the perpetrator." Resp. Exh. B6 at 1154-55. The jury was also instructed, pursuant to CALJIC 9.40, that robbery involves the taking of "personal property in the possession of another... accomplished by means of force or fear, and with the specific intent to permanently deprive that person of the property." *Id.* at 1157-58. Finally, the jury was instructed, pursuant to CALJIC 14.02, on the lesser included offense of grand theft, which did not contain the element of force or fear. *Id.* at 1162-63. Although the jury was not so instructed, robbery requires proof of an intent to steal before or during the application of force, and not merely after the application of force. *See People v. Yeoman*,

31 Cal. 4th 93, 128-29 (2003). Upon request, a defendant is entitled to instructions that "pinpoint" his theory of the defense. *See People v. Webster*, 54 Cal. 3d 411, 443 (1991).

Petitioner claims that the jury should have been instructed on whether his intent to steal was formed during the assault or immediately after. In support, petitioner cites to the victim's testimony that, prior to the rape, she repeatedly told him to take her purse and leave her alone, and he responded that he didn't want her purse. Resp. Exh. B4 at 14, 49-50. After he finished the assault he grabbed the victim's purse, telling her he needed money, and then left. *Id.* at 14. Assuming for the sake of argument that the preceding testimony was sufficient to require an instruction on after-acquired intent, counsel's failure to request the instruction is insufficient to establish prejudice. The trial court's instructions made it clear that robbery required concurrence between the act and the specific intent formed; as well as a taking by force or fear, an element that was not required for grand theft. By finding petitioner guilty of robbery rather than theft, the jury necessarily found concurrence between the petitioner's use of force or fear and the intent to steal, and rejected petitioner's theory that the intent to steal was formed after the act.

Based on the record as a whole, as well as the court's instructions, it is not reasonably likely that the result of the proceeding would have been different had counsel requested an instruction on after-acquired intent. *See Strickland*, 466 U.S. at 694. Accordingly, the state court's determination that petitioner was not denied the effective assistance of counsel was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d); *Strickland*, 466 U.S. at 687.

**V. Sufficiency of the Evidence**

Petitioner contends that there was insufficient evidence to support the jury's finding on the weapons enhancement for counts one through four.

**A. Legal Standard**

In *Jackson v. Virginia*, the Supreme Court established the due process standard by which federal courts review a habeas corpus petition challenging the sufficiency of

United States District Court
For the Northern District of California

evidence for a state conviction. 443 U.S. 307, 316 (1979). Due process requires that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof–defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Id.* at 316. A state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt states a federal constitutional claim that, if proven, entitles him to federal habeas relief. *Id.* at 321, 324.

A federal court reviewing a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. *See Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1993). The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id. quoting Jackson*, 443 U.S. at 319. A court must apply the *Jackson* standard "with explicit reference to the substantive elements of the criminal offense as defined by state law." *See Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004).

Under the *Jackson* standard, a conviction may be supported by logical inferences from circumstantial evidence, but the inferences cannot be merely speculative. *See Sarausad v. Porter*, 479 F.3d 671, 677 (9th Cir. 2007), *rev'd on other grounds sub nom. Waddington v. Sarausad*, 555 U.S. 179, 182 (2009); *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995). Where behavior is consistent with both guilt and innocence, the burden is on the state to produce evidence that would allow a rational trier of fact to conclude beyond a reasonable doubt that the behavior was consistent with guilt; however, the "prosecution need not affirmatively rule out every hypothesis except that of guilt." *See Sarausad*, 479 F.3d at 678 (citation omitted).

After AEDPA, a federal habeas court applies the standards of *Jackson* with an additional layer of deference. *See Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005). The Ninth Circuit has held that section 2254(d)(1) of AEDPA applies to federal review of a

United States District Court
For the Northern District of California

state court's sufficiency of the evidence determination under *Jackson*. *Id.* at 1274-75. If the state court affirms a conviction under *Jackson*, the federal court must decide whether the state court's application of *Jackson* was objectively unreasonable. *See Sarausad*, 479 F.3d at 677-78. The Ninth Circuit has adopted guidelines for determining whether a state court applied *Jackson* in an objectively unreasonable manner under section 2254(d)(1), which states as follows:

> (1) The focus of the inquiry is on the state court decision;
>
> (2) Even with the deference due by statute to the state court's determinations, the federal habeas court must look to the "totality of the evidence" in evaluating the state court's decision;
>
> (3) The failure of the state court to consider at all a key argument of the defendant may indicate that its conclusion is objectively unreasonable; however, the paucity of reasoning employed by the state court does not itself establish that its result is objectively unreasonable;
>
> (4) The failure of a state court to give appropriate weight to all of the evidence may mean that its conclusion is objectively unreasonable; and
>
> (5) The absence of cases of conviction precisely parallel on their facts does not, by itself, establish objective unreasonableness.

*Sarausad*, 479 F. 3d at 678 (citation omitted).

In contrast, section 2254(d)(2) does not apply to *Jackson* cases because the federal court does not decide whether the state court unreasonably determined disputed facts. *Sarausad*, 479 F.3d at 678. Rather, the court must decide whether the state court unreasonably applied the *Jackson* test. *Id.* at 683. Accordingly, a federal court evaluates a challenge to a state conviction on insufficient evidence grounds under section 2254(d)(1) rather than (d)(2). *Id.* at 678.

**B. Discussion**

**i. California law**

Under California law a person is armed with a deadly weapon when he carries such weapon or has it available for use in either offense or defense. *See People v. Reaves*, 42 Cal. App. 3d 852, 856-57 (1974). "[A] 'deadly weapon' is 'any object, instrument, or weapon which is used in such a manner as to be capable of producing and likely to

United States District Court
For the Northern District of California

produce, death or great bodily injury." *See People v. Aguilar*, 16 Cal. 4th 1023, 1028-29 (1997). (internal quotations omitted, citations omitted). There are two classes of dangerous or deadly weapons: instrumentalities that are weapons in the strict sense, such as guns and blackjacks; and instrumentalities which may be used as weapons but which have non-dangerous uses, such as hammers and pocket knives. *See People v. Burton*, 143 Cal. App. 4th 447, 457 (2006). (citations omitted). Instrumentalities in the first category are dangerous or deadly per se. *Id.* at 457. (internal quotations omitted). An instrumentality in the second category is only dangerous or deadly when it is capable of being used in a dangerous or deadly manner and the evidence shows its possessor intended to use it as such. *Id.* (internal quotations omitted). In determining whether an object not inherently deadly or dangerous is used as such, the trier of fact may consider the nature of the object, the manner in which it is used, and all other facts relevant to the issue. *Aguilar,* 16 Cal. 4th at 1029.

**ii. California Court of Appeal Opinion**

The Court of Appeal described the facts underlying petitioner's sufficiency of the evidence claim as follows:

> The victim testified that when defendant approached her, he "had something in his hand, and I thought it was a knife, and it was wrapped in something. It wasn't shin[y] or anything like that. "The object" was wrapped in plastic or black tape or, you know, that electrical tape." She acknowledged that "I did not see it," but that she "saw the blackness" of the tape around the object. The victim also testified that defendant pushed the object into her side, and that "[i]t felt kind of sharp. It just felt like a knife or something. It felt sharp." A police officer testified that the victim "described [the object] as a sharp metal object, possibly wrapped with some tape.... [¶] ... [¶] She wasn't able to specify whether it was a knife. That's what she said it was." The officer also testified that the victim "believed if she didn't cooperate, she would be stabbed."

Resp. Exh. E at 23.

Petitioner challenged the victim's testimony regarding the nature of the object pressed against her side, arguing that she never saw the metal object, and that he never told her, or suggested, what the object was, therefore there was no basis for the jury to conclude that the object was a deadly weapon. Resp. Exh. C at 43-46. The Court of

United States District Court
For the Northern District of California

Appeal rejected petitioner's argument, concluding that, based on the victim's testimony, her description of what she saw in defendant's hand, along with her other sensory perceptions of the object, were substantial evidence that the item was a knife. Resp. Exh. E at 24. Therefore there was sufficient evidence to support the jury's conclusion that petitioner was armed with a deadly weapon. *Id.*

**iii. Analysis**

With respect to the deadly weapon enhancement, the jury was instructed as follows:

CALJIC 17.19.1

> A deadly weapon is any object, instrument, or weapon which is used in such a manner as to be capable of producing and likely to produce death or great bodily injury, and it can be inferred from the evidence, including the attending circumstances, the time or place, destination of the possessor, the alterations, if any, of the object from its standard form and any other relevant facts that the possessor intended on these occasions to use it as a weapon should the circumstances so require.
>
> The term armed with a deadly weapon means only to carry a deadly weapon or have it available for offensive or defensive use.

Resp. Exh. B6 at 1164.

Based on the evidence presented at trial, a rational trier of fact could have concluded that petitioner was armed with a deadly weapon. The victim testified that petitioner confronted her wearing a mask and had something in his hand that she thought was a knife. Resp. Exh. B4 at 9. Petitioner pushed the object against her side and made her walk with him, at the same time stating that he did not want to hurt her. *Id.* at 9-10. Petitioner argues that this evidence is not enough to prove beyond a reasonable doubt that the object was a deadly weapon. Resp. Exh. C at 45. It can be reasonably inferred from the victim's testimony and the surrounding circumstances that petitioner pressed a knife against the victim's body in order to make her walk with him away from the street and toward the bushes, where he could rape her. It is also reasonable to infer that petitioner, although stating that he did not want to hurt her, would not hesitate to do so if she did not comply with his demands. Based on the evidence presented, a rational juror could infer that petitioner had a knife in his possession and intended to use it if it became necessary.

**iv. Conclusion**

Viewing the evidence in the light most favorable to the prosecution, the record supports the conclusion that a rational trier of fact could have found beyond a reasonable doubt that petitioner was armed with a deadly weapon. *See United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir. 2001). The state court's determination that there was sufficient evidence to support the jury's verdict of first-degree murder was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Jackson* at 316.

**VI. Trial Court's Response to Jury's Questions**

Petitioner contends that the trial court's responses to the jury's questions concerning the application of the weapon enhancement were inadequate, thereby violating his right to due process. Hab. Pet. at 6b. Petitioner failed to raise this specific objection in the trial court, therefore he procedurally defaulted on the federal constitutional claim he raises in this habeas proceeding. *See Vansickel v. White*, 166 F.3d 953, 957 (9th Cir. 1999) ("Federal habeas review of a claim is barred in all cases where a state prisoner has defaulted his federal claim in state court pursuant to an adequate and independent state procedural rule."). Notwithstanding the fact that petitioner forfeited his challenge by failing to object at trial, the court will address the merits because the state court did not rely on a procedural bar as the basis for its decision. *Id.*

**A. Factual Background**

The Court of Appeal described the facts underlying this claim as follows:

> On the first day of deliberations, the jury sent the following note to the court: "-Clarification on Penal Code 12022.3(B)--want to know if charge says 'knife, a deadly weapon' can just be assumption of a deadly weapon, not specific to a knife.–Victim's assumption (fear) that it was a knife and/or a deadly weapon is enough to convict." The court first sent the following note to the jury: "Could you please clarify request # 1 re: Penal Code § 12022.3(b)." Written on that note is the message (presumably from the jury), "We would like clarification." The jury also wrote a separate note: " Penal Code Section 12022.3(b). (need tomorrow morning)." The trial court then responded: "1. The instruction is specific as to a knife. [¶] 2. With respect to your second question, please refer to jury instruction 17.19.1."

Resp. Exh. E at 25.

The Court of Appeal found that the trial court's response, in conjunction with jury

instructions that correctly summarized the relevant law, was sufficient to communicate to jurors that they had to find that the defendant possessed a knife, and could not base a conviction on the victim's assumption alone. *Id.* at 26.

**B. Legal Standard**

The Supreme Court has clearly stated that it is reversible error for a trial judge to give an answer to a jury's question that is misleading, unresponsive, or legally incorrect. *See United States v. Frega*, 179 F.3d 793, 810 (1999) *citing Bollenbach v. United States*, 326 U.S. 607, 612-13 (1946) ("When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy.").

The trial judge has a duty to respond to the jury's request for guidance with sufficient specificity to clarify the jury's problem, because, in a trial by jury, the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law; moreover, when constitutional requirements are involved, the proper execution of this duty is a matter of insuring due process of law as guaranteed by Fourteenth Amendment. *See McDowell v. Calderon*, 130 F.3d 833, 840 (9th Cir. 1997) (en banc) *overruled in part on other grounds by Weeks v. Angelone*, 528 U.S. 225 (2000).

**C. Discussion**

Here, the jury appears to have made two requests. The plain language of the first note indicates that the jury was unclear as to whether it could find the allegation true based simply upon the victim's assumption that petitioner had a knife or a deadly weapon, or whether they were required to find specifically that petitioner had a knife. Resp. Exh. A3 at 1062. In the second note the jury asked for clarification with respect to Cal. Penal Code § 12022.3. *Id.* at 1065. The court's written response told the jury, in no uncertain terms, that the instruction *specifically* referred to a knife, and that for clarification of the statute they were to refer back to the jury instruction, which was a correct statement of the law. *Id.* at 1067 (emphasis added). As the Court of Appeal noted, the trial court answered the question in a way that was beneficial to petitioner by requiring the jury to find affirmatively that he had a knife, and not that the victim just assumed he had a knife. The trial court thus

United States District Court

For the Northern District of California

complied with its obligation to respond to the jury's request with specificity.  Properly informed, the jury applied the law as instructed and determined that petitioner was armed with a knife, a deadly weapon, in counts one through four.  Based on the instructions as a whole and the entire trial record, there is no reasonable likelihood that the jury applied the law incorrectly due to the court's response.  *See e.g. Estelle,* 502 U.S. at 72.  The state court's decision finding that the trial court's response to the jury was adequate was not contrary to, or an unreasonable application of clearly established Supreme Court law.

**VII.   Ineffective Assistance of Counsel for Failing to Object to Sentence**

Petitioner contends that counsel was ineffective for failing to object to the trial court's imposition of consecutive sentences.  Hab. Pet. at 6b.

**A.  The Sentence**

The trial court sentenced petitioner to a total term of 124 years to life in prison, consisting of 25 years to life on counts one and two, pursuant to the one strike law, *see* Cal. Pen. Code § 667.61, to be served concurrently and tripled pursuant to the three strikes law, for a total of 75 years to life; five years for each of the prior felony convictions, to bring the total to 85 years to life; the midterm of two years for the weapon enhancement, to bring the total to 87 years to life; two years for the two prison priors, to bring the total to 89 years to life; and the midterm of three years on counts three and four, to run concurrent to each other and to counts one and two.  Resp. Exh. B7 at 1299, E at 27.  As to count five (robbery), the court sentenced defendant to 25 years to life (pursuant to the three strikes law), to be served consecutively, plus two five-year sentences for the serious prior felonies (which is required to run consecutively), bringing the total to 124 years to life.  *Id.* at 1300.

The court relied on three primary reasons for ordering the robbery sentence to run consecutively: first, the objective in the robbery was different from the sexual assaults; second, defendant's prior crimes, both adult and juvenile, were numerous and increasing in seriousness; and third, defendant had been unsuccessful while on parole.  Resp. Exh. B7 at 1287-89.  Defense counsel pointed out that a consecutive sentence on the robbery charge was not required by law, and argued that the robbery was merely an "afterthought."

United States District Court
For the Northern District of California

*Id.* at 1290-91. Counsel further asked the court to consider whether a consecutive sentence was warranted in light of the value of the items that were taken. *Id.* at 1291. The court rejected counsel's argument for a concurrent sentence, making it clear that the community had to be protected from petitioner, and that the consecutive sentence was intended to punish him as much as possible. *Id.*

**B. California Court of Appeal Opinion**

On direct appeal, petitioner argued that the trial court's sentence violated the "dual-use rule" by relying on the same prior convictions as a basis both to enhance petitioner's sentence and to impose consecutive terms. Resp. Exh. E at 28. Therefore counsel was ineffective because, had he objected to the dual-use error, the trial court may have imposed a concurrent term for the robbery conviction. The state court rejected the claim, concluding that, even if there was error, petitioner failed to establish prejudice. *Id.* at 29.

**C. Legal Standard**

In order to succeed on an ineffective assistance of counsel claim, the petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires him to show deficient performance and prejudice. Deficient performance requires a showing that trial counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003). To establish prejudice, petitioner must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694.

**D. Discussion**

In his habeas petition, petitioner asserts that counsel was ineffective for failing to object to the imposition of a consecutive sentence. Hab. Pet. at 6. Petitioner fails to specify the details of his claim, so the court must assume that it is the same claim as the one he raised on direct appeal.

Petitioner states that the trial court relied, in part, on the fact that his prior convictions were of numerous and of increasing seriousness, thereby giving rise to a dual-use violation

because the same prior convictions were used to support other sentencing enhancements. Resp. Exh. C at 56-57. In the first instance, it is not established under California law that the use of petitioner's prior convictions in this manner is impermissible. *See e.g. People v. Coronado*, 12 Cal. 4th 145, 157-58 (1995). Second, petitioner's argument ignores the fact that, even if the trial court's reliance on his prior convictions was improper, the court had other legitimate bases on which it could rely to impose consecutive sentences: namely, the fact that the robbery and the sex crimes had different objectives, as well as the fact that his performance while on parole was poor. As such, counsel's failure to object to the sentence does not amount to deficient performance.

Even assuming that counsel's performance was deficient for failing to object to the alleged sentencing error, petitioner's claim fails for lack of prejudice. The court made it clear that its primary reason for imposing a consecutive sentence was to protect the community from petitioner, and to punish him as much as possible within the bounds of the law. Resp. Exh. B7 at 1291-92. Additionally, counsel's comments noting that the imposition of a consecutive sentence was not required by law was in the nature of an objecton. In view of this record, there is not a reasonable likelihood that the court would have imposed a concurrent sentence for the robbery conviction had counsel more clearly objected to the imposition of consecutive sentences. *See Strickland*, 466 U.S. at 694.

Accordingly, the state court's determination that petitioner was not denied the effective assistance of counsel was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d); *Strickland*, 466 U.S. at 687.

**VIII. Appealability**

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

To obtain a COA, petitioner must make "a substantial showing of the denial of a

United States District Court
For the Northern District of California

constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Section 2253(c)(3) requires a court granting a COA to indicate which issues satisfy the COA standard. Here, the court finds that two issues presented by petitioner in his petition meet the above standard and accordingly GRANTS the COA as to those issues. *See generally Miller-El*, 537 U.S. at 322.

The issues are:

(1) whether there was insufficient evidence to support the jury's finding on the deadly weapon enhancement for counts one through four; and

(2) whether the trial court's responses to the jury's questions concerning the application of the weapon enhancement were inadequate.

Accordingly, the clerk shall forward the file, including a copy of this order, to the Court of Appeals. *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

A Certificate of Appealability also is **DENIED**. *See* Rule11(a) of the Rules Governing Section 2254 Cases.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 8, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.10\THOMAS1011.HC.wpd